Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 190820-27099
DATE: September 29, 2021

ORDER

Entitlement to service connection for lower back injury with severe pain is granted.

REMANDED

Entitlement to service connection for injury to right hip with severe pain is remanded.

Entitlement to service connection for left hip condition with surgery and severe pain is remanded.

FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his lower back disability is at least as likely as not related to in-service heavy lifting and complaints of back pain. 

CONCLUSION OF LAW

The criteria for service connection for lower back disability are met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the United States Army from November 1977 to September 1982.

The rating decision on appeal was issued in February 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the August 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. The Veteran testified before the undersigned Veterans Law Judge during an April 2021 Board hearing. A transcript of the proceeding is of record.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The Board notes that the Veteran had a separate hearing in April 2021 on the issue of entitlement to a total disability rating based upon individual unemployability (TDIU). This issue is under a different docket number which will be addressed in a separate decision.

1. Entitlement to service connection for lower back injury with severe pain

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004). 

In addition, for Veterans who have served 90 days or more of active service after December 31, 1946, there is a presumption of service connection for certain chronic diseases, including arthritis, if the disability is manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic as per 38 C.F.R. § 3.309(a)). 

A claimant bears the evidentiary burden to establish all elements of a service connection claim, including the nexus requirement. Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009). In making its ultimate determination, the Board must give a veteran the benefit of the doubt on any issue material to the claim when there is an approximate balance of positive and negative evidence. Id. at 1287 (quoting 38 U.S.C. § 5107(b)). 

The Veteran is seeking service connection for lower back injury with severe pain. The Veteran's service treatment records (STRs) note multiple complaints of episodic back pain, which required rest and physical therapy. The in-service notations of back pain and treatment include: an April 1979 notation that the Veteran has experienced years of back pain; a January 1979 notation that the Veteran has experienced low back pain and abdominal pain for 2 days; a May entry noting that the Veteran presented for low back strain and was treated with rest and physical therapy; and, a May 1980 report that the Veteran has experienced years of episodic pain, with stiffness and pulling back spasms.

In December 1982, the Veteran submitted an application for VA compensation benefits for a back injury during service. 

The Veteran's post service treatment records note chronic complaints of back pain, as well as treatment, physical therapy, and medications for a back disorder. In May 2018, a lumbar spine MRI revealed multilevel chronic disc/facet degeneration of the lumbar spine. 

In December 2018, the Veteran was afforded a VA examination to determine the nature and etiology of his lower back injury. During the examination, the Veteran reported his symptoms beginning in 1977, due to the lifting of heavy missiles. And the condition has worsened over the years. The examiner diagnosed the Veteran with lumbosacral strain, degenerative arthritis of the spine, and intervertebral disc syndrome. Upon completion of the examination and review of the medical record, the examiner opined that the claimed condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The examiner reasoned that it was noted in his STRs that in May 1979 he was seen for a lower back muscle strain. However, he was never seen again for lower back pain while on active duty. Further, the more recent evaluations show lumbar spine degenerative disc disease, with an onset in the 2000s. Without further evidence of a back condition while on active duty, it is less likely that the 1979 lumbar spine strain is associated with his 2018 lumbar spine degenerative disc disease (DDD). Due to the three decades lapse in time since his military service, the examiner stated he was unable to make the association of his current lumbar spine DDD, and the 1979 lower back strain. The examiner did not discuss the Veteran's April 1979, January 1979, and May 1980 STR reports of back pain, or the December 1982 application for a back injury ,and did not explain whether the lumbar strain in service was a manifestation of the currently diagnosed lumbosacral strain. 

In April 2021, the Veteran submitted a February 2020 private medical opinion and physical examination, completed by Dr. H.K., discussing the Veteran's lower back disability and its connection to service. Following review of the entire record, medical literature, the Veteran's medical history, and the completions of a physical examination, Dr. H.K. opined that it is at least as likely as not that the pathophysiology of the Veteran's accelerated lumbosacral osteoarthritic degenerative variance is directly connected to his army service duties, which included years of lifting heavy missiles. In support of this conclusion, Dr. H.K. noted the multiple in-service complaints of lower back pain, the Veteran's post service treatment for lower back pain, and that the Veteran's military occupation (MOS) required him to lift projectile missiles, multiple times per week, ranging from 50 to 100 lbs. Further, Dr. H.K. explained that the severity of the Veteran's lower back disability goes beyond normal age-related osteoarthritis and represent an accelerated degenerative process. 

Additionally, in April 2021, the Veteran was provided a board hearing. During the hearing, the Veteran's representative discussed the above private medical opinion, reiterating the all-encompassing review DR. H.K. conducted for the Veteran's lower back disability. Also, the Veteran testified that his lower back pain has worsened since service and that now his bone has started to deteriorate and is hitting a nerve in his lower back. And the nerve pain radiates down his legs. Further, the Veteran explained that this pain began in the 1980s, and it presently effects his ability to play with his grandchildren

The Board finds that the evidence of record is at least in equipoise; as such, the Board will grant entitlement to service connection for residuals of a lower back disability. 

In closing, the Veteran is currently diagnosed with lumbosacral strain, degenerative arthritis of the spine, and intervertebral disc syndrome, his MOS required him to lift heavy objects multiple times per week, his STRs note multiple complaints on back pain, and the opinion of a medical professional supports that his claimed lower back disability is related to his in-service complaints of back pain and his MOS. Accordingly, resolving reasonable doubt in his favor, service connection for a lower back disability is granted. See Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) ("By requiring only an 'approximate balance of positive and negative evidence'..., the nation, 'in recognition of our debt to our veterans,' has 'taken upon itself the risk of error' in awarding . . . benefits. 

REASONS FOR REMAND

1. Entitlement to service connection for injury to right hip with severe pain is remanded.

2. Entitlement to service connection for left hip condition with surgery and severe pain is remanded.

VA records are generally considered within VA's constructive possession. Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). VA records reflect a September 2009 new patient intake evaluation suggesting the first VA treatment and the AOJ has obtained records since 2009. However, there are entries in 2001 which suggest treatment in 2001 if not earlier, and there is no clarification of record whether VA records prior to 2009 exist. The AMA structure allows remand only where VA has committed error in the duty-to-assist (DTA) prior to the decision on appeal, and failure to obtain all identified VA records is such an error. As such, the Board remands this case to ensure the AOJ has obtained all available VA clinic records.

(continued on the next page)

The matters are REMANDED for the following action:

Clarify the Veteran's dates of VA treatment and obtain all records, including clarification of any VA records exist between 2001 and 2009, if not earlier than 2001. See CAPRI record dated September 10, 2001.

 

 

T. MAINELLI

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Patrick C. Brady, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.